IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK L. WILLIAMS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT GILMORE, et al., | : | |
| Respondents. | : | No. 18-0238 |

**MEMORANDUM**

On January 1, 2018, petitioner Mark L. Williams filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document 1). Now before the court is petitioner's Motion for Discovery and Production of Documents and Supporting Memorandum of Law (Document 6). For the reasons that follow, we deny petitioner's motion for discovery.

I.  BACKGROUND

On October 20, 2010, a jury convicted petitioner of murder in the first degree and carrying a firearm without a license. CP-23-CR-0005614-2009 at 11. Petitioner's convictions stem from the September 21, 2009 shooting death of Isaiah McLendon on North Third Street in Darby, Pennsylvania. On December 7, 2010, petitioner was sentenced to an aggregate term of life imprisonment without the possibility of parole. Id. at 4-5. Petitioner filed a direct appeal, and the Pennsylvania Superior Court affirmed the conviction and sentence. CP-23-CR-0005614-2009 at 15. Petitioner filed a PCRA petition and, ultimately, in 2014, the Superior Court issued a memorandum opinion remanding the case for an evidentiary hearing with respect to (1) whether trial counsel was ineffective for failing to object when two defense witness asserted their Fifth

Amendment privilege at trial; and (2) whether trial counsel was ineffective for not objecting to a jury instruction following a witness's testimony. Commonwealth v. Williams, 2728 EDA 2013 (Pa. Super. 2014). On January 4, 2016, following the hearing, the PCRA court again denied petitioner's PCRA petition, and the Superior Court affirmed the PCRA court's order on March 1, 2017. Commonwealth v. Williams, 62 EDA 2016 (Pa.Super. 2017). Petitioner submitted an Application for Reargument to the Superior Court, which was denied on June 15, 2017.

On January 19, 2018, petitioner filed a Petition for Writ of Habeas Corpus, and on February 21, 2018, petitioner filed the instant motion for discovery and production of documents. In the instant motion, petitioner seeks discovery regarding claims of prosecutorial misconduct in violation of Brady v. Maryland, 373 U.S. 83 (1963) and Napue v. Illinois, 360 U.S. 264 (1959) and a claim of ineffective assistance of counsel under the Strickland v. Washington, 466 U.S. 668 (1984) standard. See Mot. for Disc. Mem. of Law, 2/21/18, at 2. In support of these arguments, petitioner requests discovery of (i) all U.S. Department of Justice Drug Enforcement Administration's (D.E.A.) surveillance platforms in Darby from when the murder occurred including surveillance video of North Third Street in Darby Borough as described in the D.E.A. Freedom of Information (F.O.I.) letter (Mot. for Disc., Exh. A) (ii) and all typed, written, or electronic versions of any emails, letters, memos, or any form of communication to and from the Darby Borough Police Department and petitioner's trial counsel concerning petitioner's trial from the Delaware County District Attorney's Office. Mot. for Disc. at 2.

II. STANDARDS OF REVIEW

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). A habeas petitioner may obtain

discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules"), which states:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

28 U.S.C. § 2254 Rule 6(a).

As a preliminary matter, a district court must identify the essential elements of a petitioner's claims and address whether the discovery requests are related to a constitutional challenge in the petition. Bracy, 520 U.S. at 904-5. A petitioner also must demonstrate good cause for the discovery by setting forth specific allegations that lead the court to believe, if the facts were fully developed, he may be entitled to relief. Bracy, 502 U.S. at 908-9. A petitioner may not engage in a fishing expedition, and "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). If good cause has been shown, the scope and extent of discovery is left to a district court's discretion. Bracy, 520 U.S. at 909.

III. DISCUSSION

In support of petitioner's requests for discovery, petitioner argues that Darby Borough Police had access to all D.E.A. surveillance platforms in Darby from the time the murder was committed, but that Darby Borough Police only disclosed one short video to petitioner's trial counsel before trial. Mot. for Disc., at 2. The disclosed surveillance video showed a person running on North Fourth Street from the direction of North Third Street into petitioner's godparents' home. Hab. Pet., 1/19/18, Attach. A, at 1. Petitioner contends that additional surveillance evidence exists from the location of the murder and that it was suppressed

3

either willfully or inadvertently by the Commonwealth in violation of Brady. Mot. for Disc. Mem. of Law, at 2. In support of this contention, petitioner notes that at trial it was disclosed that the Darby Borough Police had access to all D.E.A. surveillance platforms. Id. Moreover, petitioner claims that a letter dated December 2, 2013 from the D.E.A. responding to petitioner's F.O.I. request indicates that material video surveillance evidence does exist. Id. (citing Mot. for Disc., Ex. A).

On this basis, petitioner reasons that it was prosecutorial misconduct not to turn over the video surveillance to correct or impeach allegedly untruthful testimony of an eyewitness at trial, and that trial counsel was ineffective for failing to investigate and discover the existence of this evidence. Id. Furthermore, petitioner argues that discovery of all emails, letters, memos, or any form of communications to and from the Darby Borough Police Department and petitioner's trial counsel will prove that the Darby Borough Police had access to all relevant DEA surveillance platforms and that trial counsel was ineffective for failing to conduct an investigation into this evidence. Mot. for Disc., at 2.

The Superior Court found the above-referenced claims to be waived because petitioner failed to raise the claims in his PCRA petitioner and noted that the "contention that such video footage exists is purely speculative." Williams, 2728 EDA 2013, at 18, 19-20. Additionally, the Superior Court directed the PCRA court that these issues did not need to be addressed on remand. Id. at 16. Following the Superior Court's decision, petitioner filed a motion with the PCRA court requesting that petitioner's appeal be stayed until the trial court reviewed the D.E.A. letter, which petitioner described as "new evidence." Hab. Pet., Exh. B. at 2. The PCRA court denied petitioner's motion. Id. at 7. Respondents argue that all three claims

are now procedurally defaulted, an issue which the court need not decide now.  Resp. to Hab. Pet., 5/2/18, at 22-24.

We shall address each discovery request in turn.

(i)     Surveillance video of North Third Street in Darby Borough

Petitioner seeks to obtain surveillance video from North Third Street in Darby Borough from the time of the murder and all other relevant surveillance video.  Mot. for Disc. Mem. of Law, at 2.  Petitioner asserts that this evidence will support three of his claims.  Id.  First, petitioner contends that the surveillance video will show prosecutorial misconduct in violation of Brady because the surveillance video has material exculpatory evidence on it that was withheld by the Commonwealth at trial.  Id.  Second, petitioner contends that the surveillance video will show that one of the Commonwealth's eyewitnesses, Mr. Graham, was untruthful in his testimony during trial and that the Commonwealth knew or should have known that the witness was untruthful, based on the Commonwealth's access to surveillance video, and that the Commonwealth had an obligation to correct the false testimony under Napue.  Hab. Pet., Exh. A, at 5.  Finally, petitioner argues that trial counsel was ineffective under the Stickland standard for failing to investigate and discover the existence of the alleged suppressed evidence, particularly regarding trial counsel's failure to investigate expert witness D.E.A. Agent Robert Blecher's knowledge of the surveillance videos.  Id. at 6.

In support of these arguments, petitioner offers a 2013 letter from the D.E.A. responding to petitioners F.O.I. request, which states that "as a result of this search we located one CD responsive to your request."  Mot. for Disc., Ex. A.  Petitioner claims that this letter proves that there is exculpatory evidence, or at the very least surveillance video from the street where the murder occurred, and that the Commonwealth withheld that evidence.  Mot. for Disc.

5

Mem. of Law, at 2. Furthermore, petitioner states there is evidence that the Commonwealth knew of the surveillance video and other footage before trial and did not disclose its existence. Hab. Pet., Attach. A, at 2.

Under Brady, a prosecution's failure to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights. To prove a violation under Brady, a petitioner must demonstrate: (i) the state withheld evidence either willfully or inadvertently; (ii) the evidence in question was favorable to the petitioner either because it is exculpatory or it is impeaching; and (iii) the evidence was material, requiring there be a reasonable probability the withheld evidence would have produced a different verdict. See Strickler v. Greene, 527 U.S. 263, 281-82; Brady, 373 U.S. at 83. A petitioner has the burden of demonstrating the Commonwealth withheld or suppressed evidence. See Maynard v. Gov't of Virgin Islands, 392 F. App'x 105, 119 (3d Cir. 2010). We will not decide the merits of petitioner's Brady claim at this time; however, "bald assertions and conclusory allegations" that the Commonwealth was aware of certain surveillance video, that said video is exculpatory, and that the proffered F.O.I. letter proves the existence of exculpatory evidence do not entitle petitioner to discovery. See Mayberry v. Petsock, 821 F.2d 179, 185. Petitioner offers no evidence that the Commonwealth knew of that specific surveillance video or that the surveillance videos captured anything exculpatory. Furthermore, the D.E.A. letter does not prove the existence or exculpatory nature of the surveillance video, as petitioner argues it does, because the letter does not indicate the date or place of the "responsive material" nor does the letter indicate what will be in the video. As such, petitioner's request is too speculative in nature and does not demonstrate the good cause required under Rule 6. See Deputy, 19 F.3d at 1493. This analysis also applies to the alleged Napue violation, which prohibits the prosecution from presenting

6

knowingly false evidence, as explained supra, the contents and existence of the video surveillance is too speculative. Napue, 360 U.S. 264 (1959)

Next, the standard for ineffectiveness of counsel is set forth in Strickland, which states a petitioner must demonstrate (i) counsel's performance fell below an objective standard of reasonableness and (ii) counsel's deficient performance prejudiced the defense by depriving petitioner of "a fair trial, a trial whose result is reliable." 466 U.S. at 689-92. To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Id. at 694. A district court must defer to the state court's legal determination that counsel was not ineffective, and a district court may overturn the finding only if it was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Here, petitioner asserts that trial counsel should have investigated this evidence and that not doing so was ineffective assistance of counsel. However, in light of the Superior Court's finding that the existence of this evidence was highly speculative, discussed supra, petitioner has failed to show good cause because he has not given this court reason to believe he might be entitled to relief if the factual basis, or the existence of the video surveillance, were more fully developed.

Lastly, petitioner's request to discover all D.E.A. surveillance platforms in Darby is clearly overbroad, too speculative, and a prohibited fishing expedition. See Deputy, 19 F.3d at 1493. Accordingly, we find that petitioner is not entitled to discover surveillance video from North Third Street or the other surveillance platforms. However, this court notes that petitioner is free to pay the fee associated with the request and independently procure the surveillance video.

(ii) <u>All Documents and/or Files to and from The Darby Borough Police Department and Petitioner's Trial Counsel Concerning Petitioner's Trial</u>

Next, petitioner seeks to discover all emails, letters, memos, or any form of communications to and from the Darby Borough Police Department and petitioner's trial counsel from the Delaware County District Attorney's Office. Mot. for Disc. at 2. Petitioner contends that these files contain evidence that will support his prosecutorial misconduct claims and ineffective assistance of trial counsel claim. For the reasons that follow, we deny this request.

Courts have generally held that a request for a complete record of a police investigation file in the course of seeking discovery in connection with a habeas petition is too broad to be allowed. See, e.g., Marshall v. Beard, 2010 WL 1257632, at *4 (E.D. Pa. Mar. 30, 2010) (citation omitted) (denying petitioner's request "any documents, records, files, memoranda, correspondence, notes and reports, reflecting any evidence of coercion of suspects by the individual officers involved in petitioner's interrogation" because of over breadth of request and lack of specificity associated with accompanying statement). Moreover, as discussed supra, a petitioner is not entitled to go on a fishing expedition through the government's files in hopes of finding damaging evidence. See Deputy, 19 F.3d at 1493 (noting petitioner is not entitled to go on fishing expedition through government's files in hopes of finding damaging evidence) (citation omitted); Cotto v. Murray, 2011 WL 1118724, at *6 (W.D. Pa. Mar. 24, 2011) (construing petitioner's request to see if records contain information to support assertion he is innocent as desire to go on "fishing expedition"). Accordingly, petitioner's request for the police department's emails, letters, memos, or any form of communications with petitioner's trial counsel is clearly too broad and a fishing expedition predicated on speculation. See Mayberry, 821 F.2d at 185 (3d Cir. 1987) ("Just as bald assertions and conclusory allegations do not afford

a sufficient ground for an evidentiary hearing, . . . neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery"). Accordingly, petitioner's request is overbroad and too speculative in nature.

An Appropriate Order follows.

BY THE COURT:

 /s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES CHIEF MAGISTRATE JUDGE